IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNSON RESEARCH & DEVELOPMENT CO., INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) ) | NO. _____ |
| HASBRO, INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Johnson Research & Development Co., Inc. ("Johnson"), by and through its undersigned counsel, and hereby makes and files this Complaint against Defendant Hasbro, Inc. ("Hasbro"), showing the Court as follows:

## NATURE OF THE CASE

1.

This is an action to enforce the terms of a Settlement Agreement that was executed in 1997 between Johnson on the one hand, and Star Creations Investment Company and Larami Limited ("Larami"), on the other hand. (*See* Settlement

Agreement, attached hereto as Exhibit 1.)  The Settlement Agreement was executed in connection with Civil Action No. 1:95-cv-1798-CC (N.D. Ga.), a case filed by Johnson in this Court (the "Underlying Action").

2.

In or about 1995, Hasbro acquired Larami and related entities, assuming all obligations and liabilities of Larami, including those imposed by the Settlement Agreement.

3.

Johnson has satisfied all conditions precedent for bringing this action, and this Complaint is timely filed.

## THE PARTIES

4.

Johnson is a corporation duly organized and validly existing under the laws of the State of Georgia.  Its principal place of business is located at 263 Decatur Street, Atlanta, Georgia 30312.

5.

Hasbro is a corporation duly organized and existing under the laws of Rhode Island with its principal place of business located at 1027 Newport Avenue, Pawtucket, RI 02862.  Hasbro may be served with the Complaint and Summons by serving its registered agent, Barbara Finigan, who is located at the same address.

## JURISDICTION AND VENUE

6.

Pursuant to 28 U.S.C. § 1332(a), subject matter jurisdiction based upon diversity of citizenship is satisfied because Johnson is a citizen of Georgia and Hasbro is a citizen of Rhode Island, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction to hear this action because the Court's August 11, 1997 Order dismissing the Underlying Action provides that "The Court retains jurisdiction to enforce the terms of the parties' Settlement Agreement." (*See* Order of Dismissal, attached hereto as Exhibit 2.)

7.

Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391(b) because this action stems from Hasbro's failure to comply with the terms of a Settlement Agreement that was executed in connection with the Underlying Action in this Court. Additionally, Hasbro conducts and transacts substantial business in the State of Georgia and in this District, including marketing and selling the products that are at issue here. A substantial part of the events giving rise to Johnson's causes of action therefore occurred in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

8.

Lonnie G. Johnson is the inventor of the famous pressurized toy water gun known as the "Super Soaker" and is the president and founder of Johnson.

9.

Super Soaker water guns developed by Mr. Johnson are manufactured and sold by Hasbro pursuant to a August 1, 1989 License Agreement entered into between Johnson's predecessor in interest, Lonnie G. Johnson Engineering Company, and Hasbro's predecessor in interest, Larami Corporation. Johnson and Hasbro have assumed all rights and obligations set forth in this License Agreement.

10.

In exchange for the right to manufacture and sell the Super Soaker water guns developed by Johnson, Hasbro is required to pay Johnson specified royalty payments under the License Agreement.

11.

On July 14, 1995, Johnson filed the Underlying Action in this Court against Hasbro's predecessor in interest, asserting claims for breach of contract, wrongful use of confidential business information, misappropriation and wrongful use of trade secrets and declaratory judgment. Among other things, the Underlying

Action was based upon the fact that Hasbro's predecessor in interest had failed to pay all royalties due on the Super Soaker water guns.

12.

In 1997, the parties resolved the Underlying Action and executed the Settlement Agreement. Paragraph 7 of that agreement provides that:

> Commencing January 1, 1996 [Hasbro] agrees to pay Johnson a royalty in the amount of 2% for three-dimensional products which are based upon the appearance of a current or past Licensed Item. Commencing January 1, 1996 [Hasbro] also agrees to pay a royalty in the amount of 1% for two-dimensional visual representations based upon the appearance of a current or past Licensed Item. Licensed Item shall be as defined in the License Agreement. Only one royalty shall be payable in connection with each Licensed Item. The parties agree that the highest royalty applicable to the Licensed Item shall be paid.

(*See* Exhibit 1, at 8.)

13.

A Super Soaker water gun that incorporates Johnson's technology is a "Licensed Item" under the License Agreement.

14.

Upon information and belief, Hasbro has sold and continues to sell three-dimensional products which are based upon the appearance of one or more Licensed Items and has used and continues to use two-dimensional visual representations that are based upon the appearance of one or more Licensed Items.

In particular, Hasbro has sold and continues to sell Super Soaker water guns that are visually similar and based upon the appearance of Super Soaker water guns that incorporate Johnson's technology.

15.

In violation of Paragraph 7 of the Settlement Agreement, Hasbro has refused to pay royalties to Johnson for the Super Soaker water guns that are based upon the appearance of the Licensed Items.

16.

In accordance with Paragraph 4(c) of the License Agreement, Johnson has attempted to conduct an inspection of Hasbro's books and records pertaining to the sale of Super Soaker products.  Because Hasbro has also failed to fully comply with this obligation, the amount of royalties due is unknown, but upon information and belief, the royalties due to Johnson exceed $75,000, exclusive of interest and costs.

## COUNT I
## BREACH OF CONTRACT

17.

Johnson incorporates herein by reference all of the above paragraphs as though fully restated herein.

18.

Johnson has fully and completely performed all obligations under the Settlement Agreement that it entered into with Hasbro's predecessor in interest.

19.

As a successor in interest to the entities named in the Settlement Agreement, Hasbro has assumed all obligations and liabilities of these entities, including those imposed by the Settlement Agreement and the License Agreement.

20.

Hasbro has materially breached the terms of the Settlement Agreement by failing to pay Johnson royalties in connection with three-dimensional products and two-dimensional visual representations that are based upon the appearance of Licensed Items.  Johnson has and will continue to be damaged by Hasbro's breach of the Settlement Agreement.  As a result of this breach, Johnson is entitled to recover damages in an amount to be proved and determined at trial.

## COUNT II
## ACCOUNTING

21.

Johnson incorporates herein by reference all of the above paragraphs as though fully restated herein.

22.

Pursuant to Paragraph 4(c) of the License Agreement, Johnson is entitled to examine Hasbro's books and records to determine the extent of the unpaid royalties on Super Soaker products. Johnson has requested such records, but Hasbro has failed to fully comply with the terms of the License Agreement.

23.

In addition to breach of contract damages, Johnson therefore requests that the Court order Hasbro to provide a complete accounting of all sales of Super Soaker products from 2006-2012, including color photographs of all Super Soaker products sold during this time, so that Johnson can ascertain the full extent of the unpaid royalties.

## COUNT III
## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

24.

Johnson incorporates herein by reference all of the above paragraphs as though fully restated herein.

25.

Johnson is entitled to recover its reasonable attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 because Hasbro has acted in bad faith,

caused Johnson unnecessary trouble and expense, and has been stubbornly litigious.

## **REQUESTS FOR RELIEF**

WHEREFORE, having stated its Complaint against Hasbro, Johnson prays that this Court grant judgment in its favor and against Hasbro as follows:

a.  Award appropriate damages, in an amount to be proved at trial, for Hasbro's breach of the Settlement Agreement;

b.  Order Hasbro to provide a full accounting to Johnson of all Super Soaker products sold between 2006-2012, including color photographs of all Super Soaker products sold during this time;

c.  Award attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 in an amount to be proved at trial;

d.  Award pre-judgment interest at the applicable legal rate; and

e.  Award such other and further relief as this Court deems just and proper under the circumstances.

Johnson hereby requests a trial by jury for all claims so eligible.

This 11th day of February, 2013.

Respectfully submitted,

 /s/ *Jonathan D. Letzring*
Ben F. Easterlin IV
Georgia Bar No. 237650
Jonathan D. Letzring
Georgia Bar No. 141651
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309-3521
Telephone:  404-572-4600
Facsimile:  404-572-5100

A. Leigh Baier
A. Leigh Baier, P.C.
Georgia Bar No. 031600
4680 Polo Lane
Atlanta, Georgia 30339-4356

Attorneys for Plaintiff
Johnson Research & Development
Company, Inc.